James L. BUCKLEY, United States
Senator from the State of New
York, et al., Plaintiffs,

v.

Honorable Francis R. VALEO, Secretary,
United States Senate, et al.,
Defendants,

Center for Public Financing of Elections
et al., Intervenors.

No. 75–1061.

United States Court of Appeals,
District of Columbia Circuit.

April 23, 1976.

For Prior Opinion See 171 U.S.App.D.C.
172, 519 F.2d 821, 898–901.

Before BAZELON, Chief, Judge, and
WRIGHT, McGOWAN, TAMM, LEVEN-
THAL, ROBINSON, MacKINNON and
WILKEY, Circuit Judges.

ORDER

Upon consideration of plaintiffs' motion
for amendment of judgment and remand to
the District Court, the response of the Fed-
eral Election Commission thereto, and the
response of the Attorney General of the
United States thereto; and after considera-
tion of the lengthy opinion of the Supreme
Court of the United States in this matter,
*Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612,
46 L.Ed.2d 659 (1976), it is

ORDERED by the court *en banc* that
plaintiffs' motion be granted to the extent
indicated below.

The order of this court answering the
constitutional questions certified by the
District Court entered on August 15, 1975,
as amended, and appearing as Appendix A
to this court's opinion of that date, 171
U.S.App.D.C. 172, 519 F.2d 821, 898–901, is
hereby further modified as follows:

In the answer to Certified Question 2,
delete all after the word "YES."

In the answer to Certified Question
3(a), strike "NO" and insert "YES" in
lieu thereof.

In the answer to Certified Question
3(d), strike "NO" and insert "YES" in
lieu thereof.

In the answers to Certified Questions
3(e) and 3(f), add after the word "NO"
the phrase ", as to the Fifth Amendment
challenge advanced by plaintiffs."

In the answer to Certified Question
4(a), strike "NO" and insert "YES" in
lieu thereof.

In the answer to Certified Question
7(a), strike "UNRIPE FOR RESOLU-
TION" and insert "NO" in lieu thereof.

In the answer to Certified Question
8(a), strike "NO" and insert in lieu there-
of "With respect to the powers referred
to in Questions 8(b)–8(f), the method of
appointment violates Art. II, § 2, cl. 2 of
the Constitution."

Strike the answers to Certified Ques-
tions 8(b)–8(f), and insert in lieu thereof
at the foot of Question 8(f) "The Federal
Election Commission as presently consti-
tuted may not under Art. II, § 2, cl. 2 of
the Constitution exercise the powers re-
ferred to in Questions 8(b)–8(f)."

Further, this court, obedient to the decision
of the Supreme Court, follows *in toto* foot-
note 178 to that Court's *per curiam* opinion,
which states: "We have not set forth spe-
cific answers to some of the certified ques-
tions. Question 9, dealing with alleged
vagueness in several provisions, 519 F.2d at
901, is resolved in the opinion to the extent
urged by the parties. We need not respond
to questions 3(g), 3(i), 4(b), and 7(f), 519
F.2d at 899–900, to resolve the issues
presented." Enforcement necessitates fur-
ther modification of the order of August 15,
1975 as follows:

In the answer to Certified Question 9,
delete all after "YES as to 2 U.S.C.
§ 437a" and insert in lieu thereof ". See
note below."

Insert beneath a line drawn below the
answer to Certified Question 9 "NOTE:
On remand from the Supreme Court of
the United States this court declines to
set forth specific answers to some of the
certified questions. The branches of Cer-

tified Question 9 other than the voidness of 2 U.S.C. § 437a (which was not appealed) are answered in the opinion of the Supreme Court to the extent urged by the parties. The Court also said, 'We need not respond to questions 3(g), 3(i), 4(b), and 7(f), * * * to resolve the issues presented.'"

Strike the answers to Certified Questions 3(g), 3(i), 4(b), and 7(f), and insert in lieu thereof "See note below answer to Certified Question 9."

The branch of plaintiffs' motion requesting remand to the United States District Court for the District of Columbia with instructions to enter a declaratory judgment adopting the answers to the certified questions given by this court as conformed to the opinion of the Supreme Court, and to retain jurisdiction to provide further relief as needed, is denied.